# EXHIBIT A

FILED
08-31-2020
CIRCUIT COURT
DANE COUNTY, WI
2020CV001787
Honorable Peter C Anderson
Branch 17

STATE OF WISCONSIN    CIRCUIT COURT    DANE COUNTY

MCKENZY SUHR
5001 SHEBOYGAN AVENUE,
APARTMENT 313
MADISON, WISCONSIN 53705

                                  Plaintiff,

Case No._____
Class Code 30301

vs.

NATIONWIDE CREDIT, INC.
500 VIRGINIA DRIVE,
SUITE 514B
FT. WASHINGTON, PENNSYLVANIA 19034,

                                  Defendant.

## CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

This action is brought by Plaintiff, MCKENZY SUHR ("SUHR"), against Defendant, NATIONWIDE CREDIT, INC. ("NATIONWIDE"), based on the following:

### I. PRELIMINARY STATEMENT

1. This action arises from practices, engaged in by Defendant when attempting to collect consumer debts, that violate the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p.

### II. PARTIES

2. SUHR is a natural person who, at all times relevant to this lawsuit was a citizen of, and resided in, the City of Madison, Dane County, Wisconsin.

3. NATIONWIDE is a for-profit corporation formed under the laws of the State of Georgia.

Page 3 of 12

4. On information and belief, NATIONWIDE maintains its principal place of business at 500 Virginia Drive, Suite 514B, Ft. Washington, Pennsylvania 19034.

5. NATIONWIDE's registered agent in Wisconsin is C T Corporation System, 301 South Bedford Street, Suite 1, Madison, Wisconsin 53703.

### III. JURISDICTION & VENUE

6. This Court has subject matter jurisdiction pursuant to Wis. Stat. § 801.04(1) and 15 U.S.C. § 692k(d).

7. The Court has personal jurisdiction over Defendant pursuant to Wis. Stat. § 801.05(d) because Defendant does business in Wisconsin.

8. Venue is appropriate in Dane County pursuant to Wis. Stat. § 801.50(2)(a) because the claim arose in Dane County.

### IV. FACTS

9. NATIONWIDE regularly engages in the collection of defaulted consumer debts or allegedly defaulted consumer debts owed to others.

10. NATIONWIDE is a business the principal purpose of which is the collection of defaulted consumer debts.

11. In attempting to collect debts, NATIONWIDE uses instruments of interstate commerce such as the mails, the telephone, and the internet.

12. NATIONWIDE mailed or caused to be mailed a letter dated May 23, 2020 (the "0618 Letter") to SUHR.

13. A true and correct copy of the 0618 Letter is attached as *Exhibit A*, except that portions of the Letter are redacted.

14. On information and belief, the 0618 Letter was mailed on or after the Letter's date.

15. The 0618 Letter concerned a financial obligation owed to J.P. Morgan Chase Bank, N.A. with an account number ending in 0618 (the "0618 Debt").

16. The 0618 Debt was placed with NATIONWIDE for purposes of collection.

17. At the time the 0618 Debt was placed for collection, NATIONWIDE understood that the Debt was in default.

18. The 0618 Letter contended SUHR owed the 0618 Debt.

19. NATIONWIDE mailed or caused to be mailed a second letter dated May 23, 2020 (the "3348 Letter") to SUHR.

20. A true and correct copy of the 3348 Letter is attached as *Exhibit B*, except that portions of the Letter are redacted.

21. On information and belief, the 3348 Letter was mailed on or after the Letter's date.

22. The 3348 Letter concerned a financial obligation owed to J.P. Morgan Chase Bank, N.A. with an account number ending in 3348 (the "3348 Debt").

23. The 3348 Debt was placed with NATIONWIDE for purposes of collection.

24. At the time the 3348 Debt was placed for collection, NATIONWIDE understood that the Debt was in default.

25. The 3348 Letter contended SUHR owed the 3348 Debt.

26. The 0618 Debt and the 3348 Debt (collectively "the Debts") arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes.

27. SUHR has never incurred any financial obligations in any business transaction or in any transactions other than ones which were for personal, family, or household purposes. Either NATIONWIDE or the Debts' creditor is presumed to have more specific information about the Debts.

28. The 0618 Letter and the 3348 Letter (collectively (the Letters") offered a settlement of the respective Debts and stated "NCI is not obligated to renew this offer."

29. The statement, "NCI is not obligated to renew this offer" is materially false, deceptive, and misleading because NATIONWIDE is *always* obligated by the creditor to renew the offer stated in the Letters except when the creditor has recalled the account or the consumer has sought bankruptcy protection.

30. The statement, "We are not obligated to renew this offer" is a materially false statement because it influences the unsophisticated consumer's decision to pay the Debts.

31. The Letters deprived SUHR of non-misleading information in connection with NATIONWIDE's attempt to collect the Debts.

## V. CLASS ALLEGATIONS

32. The Letters are form letters. Specifically, the Letters were created by merging electronically-stored information specific to the Debts (including but not limited to the addressee's name and address) with predetermined electronically-stored text and any graphics defined by a template, and printing the result. In effect, the Debt-specific information is used to populate the blanks in the template to produce the Letters.

33. NATIONWIDE's conduct is consistent with its policies and practices when attempting to collect debts from consumers. Consequently, this action is brought by Plaintiff,

both individually and on behalf of similarly situated individuals, pursuant to Wis. Stats. 803.08 and 426.110.

34. Plaintiff seeks to certify a class pursuant to Wis. Stat. 426.110, 803.08(1), and 803.08(2)(c).

35. ***Class Definition.*** The Class is defined as:

> All natural persons to whom Nationwide Credit, Inc. mailed a written communication in the form of *Exhibit A* to a Wisconsin address during the Class Period beginning on August 31, 2019 and ending on September 21, 2020.

36. The identities of the Class members are readily ascertainable from NATIONWIDE's business records and the business records of those entities on whose behalf NATIONWIDE collects debts.

37. ***Class Claims.*** The Class Claims are the claims which each Class member may have for any violation of the FDCPA arising from Defendant having sent a written communication in the same form as *Exhibits A*.

38. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Wis. Stat. 803.08 because there is a well-defined community interest in the litigation:

    (a) ***Numerosity.*** On information and belief, the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

    (b) ***Common Questions Predominate.*** Common questions of law and fact exist as to all members of the Class and those questions predominate over any issues involving only individual class members because those

questions concern the same conduct by Defendant with respect to each Class member.

(c) *Typicality.* The claims of the Plaintiff are typical of the Class members because those claims arise from a common course of conduct engaged in by Defendant.

(d) *Adequacy.* Plaintiff will fairly and adequately protect the interests of the Class members insofar as Plaintiff has no interests that are adverse to those of the Class members. Moreover, Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions.

39. Certification of a class under Wis. Stat. 803.08 is appropriate in that the questions of law and fact common to the Class members predominate over any questions affecting individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

40. Based on discovery and further investigation (including, but not limited to, disclosure by Defendant of class size and net worth), Plaintiff may seek class certification: (a) only as to particular issues as permitted under Wis. Stat. 803.08(6), (b) using a modified definition of the Class or the Class Claims; and (c) a different Class Period.

### V. COUNT I -- VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AS TO THE 0618 LETTER

41. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

42. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

43. The 0618 Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

44. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

45. *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

46. The use and mailing of *Exhibits A* by Defendant violated the FDCPA in one or more following ways:

    *(1)* Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;

    *(2)* Falsely representing the character, amount or legal status of the debt in violation of 15 U.S.C. § 1692e(2)(a);

    *(3)* The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, in violation 15 U.S.C. § 1692e(10).

### VI. COUNT II -- VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AS TO THE 3348 LETTER

47. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

48. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

49. The 3348 Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

50. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

51. *Exhibit B* is a "communication" as defined by 15 U.S.C. § 1692a(2).

52. The use and mailing of *Exhibit B* by Defendant violated the FDCPA in one or more following ways:

    *(1)* Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;

    *(2)*    Falsely representing the character, amount or legal status of the debt in violation of 15 U.S.C. § 1692e(2)(a);

    *(3)*    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, in violation 15 U.S.C. § 1692e(10).

## VI.   PRAYER FOR RELIEF

53.    WHEREFORE, Plaintiff demands judgment against Defendant. Specifically, Plaintiff seeks entry of an order:

### *A.   As to Count I:*

    *(1)*    Certifying this action as a class action pursuant to Wis. Stat. 803.08 including, but not limited to, defining the Class and the Class claims, issues, or defenses, and appointing the undersigned counsel as class counsel;

    *(2)*    Awarding statutory damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

    *(3)*    Awarding Plaintiff an incentive payment for her services on behalf of the Class;

    *(4)*    Awarding attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    *(5)*    Awarding, to the extent the recovery of attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3) causes a negative tax consequence to Plaintiff and/or the Class, a sum sufficient to ameliorate such consequences; and

  *(6)*  Ordering such other and further relief as may be just and proper.

**B. *As to Count II:***

  *(1)* Awarding statutory damages to Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  *(2)*  Awarding attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

  *(3)*  Awarding, to the extent the recovery of attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3) causes a negative tax consequence to Plaintiff, a sum sufficient to ameliorate such consequences; and

  *(4)*  Ordering such other and further relief as may be just and proper.

## VII. JURY DEMAND

54. Trial by jury is demanded on all issues so triable.

August 31, 2020

            s/ *Francis R. Greene*
            Francis R. Greene (WI Bar # 1115577)
            STERN•THOMASSON LLP
            3010 South Appleton Road
            Menasha, Wisconsin 54952
            Telephone (973) 379-7500
            E-mail: Francis@SternThomasson.com

            Nathan E. DeLadurantey
            DELADURANTEY LAW OFFICE, LLC
            State Bar No. 1063937
            330 S. Executive Drive, Suite 109
            Brookfield, WI 53005
            (414) 377-0515
            E: nathan@dela-law.com

            *Attorneys for Plaintiff, Mckenzy Suhr*